UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Clara Thurman,

    Plaintiff,

v.                                  Case No. 13-10305

                                    Honorable Sean F. Cox

Ocwen Loan Servicing, LLC,

    Defendant.

_____/

**ORDER**

Acting *pro se*, Plaintiff Clara Thurman ("Plaintiff") filed suit against Defendant Ocwen Loan Servicing LLC ("Defendant") in Wayne County Circuit Court on or about January 15, 2013. Plaintiff's complaint is titled "Complaint to Quiet Title and for Preliminary Injunction."

Defendant removed the matter to this Court, based on diversity jurisdiction. Defendant filed a Motion to Dismiss Plaintiff's Complaint, pursuant to Fed.. R. Civ. P. 12(b)(6), on February 5, 2013. (Docket Entry No. 2).

This Court held a Status Conference on February 15, 2013. At that conference, Plaintiff indicated that she wished to withdraw her Motion for Preliminary Injunction without prejudice and that she wished to file an amended complaint. Following the Status Conference, this Court issued an Order (Docket Entry No. 4) wherein this Court Ordered that:

    1)    at Plaintiff's request, Plaintiff's Motion for Preliminary Injunction is WITHDRAWN WITHOUT PREJUDICE;

    2)    If Plaintiff desires to file an amended complaint in this action, she shall do so by March 15, 2013;

    3)    If Plaintiff files an amended complaint, Defendant shall file either an

answer or a renewed Motion to Dismiss by April 1, 2013.

(*Id.*).

As of April 15, 2013, however, Plaintiff had not filed an amended complaint. Accordingly, on April 5, 2013, this Court issued a Notice setting Defendant's pending Motion to Dismiss for hearing on May 30, 2013. (Docket Entry No. 5).

On April 9, 2013, this Court issued an Order to Show Cause, ordering Plaintiff to show cause, in writing no later than April 16, 2013, why Defendant's unopposed Motion to Dismiss should not be granted. (Docket Entry No. 6).

On April 16, 2013, Plaintiff filed a Response to the Show Cause Order (Docket Entry No. 7), stating that she has been attempting to hire an attorney and that she has been attempting to draft a response to the motion herself but needs more time to do so.

In an Order issued on April 22, 2013, this Court granted Plaintiff's request for an extension and Ordered as follows:

> Having considered Plaintiff's request, the Court hereby **ORDERS that, regardless of whether Plaintiff continues to proceed *pro se* or hires counsel to represent her, any response in opposition to the pending Motion to Dismiss shall be filed no later than April 30, 2013**. **IT IS FURTHER ORDERED that no additional extensions shall be granted.**

(Docket Entry No. 8) (emphasis in original).

On April 30, 2013, Plaintiff filed a "Motion for Dismissal Without Prejudice" (Docket Entry No. 9), wherein Plaintiff: 1) acknowledges that she used a "template form Complaint" that someone had provided her in order to draft her complaint; 2) acknowledges that her own complaint is faulty and cannot withstand Defendant's pending Motion to Dismiss; 3) states that she cannot afford an attorney to file an amended complaint or assist her in this action; and 4) requests that the Court dismiss her complaint without prejudice.

Defendant responded to Plaintiff's submission by stating that it opposes Plaintiff's request for a dismissal without prejudice. (Docket Entry No. 10).

For the reasons below, the Court shall deny Plaintiff's Motion for Dismissal Without Prejudice, grant Defendant's Motion to Dismiss as Plaintiff concedes that her complaint does not withstand Defendant's motion, and dismiss Plaintiff's complaint with prejudice.

A district court's decision with respect to a motion for voluntary dismissal under Fed. R. Civ. P. 42(a)(2) is reviewed for abuse of discretion. *Bridgeport Music, Inc. v. Universal-MCA Music Pub.*, 583 F.3d 948, 953 (6th Cir. 2009). Courts typically consider the defendant's efforts in defending the matter, delay and lack of diligence on the part of the plaintiff, the sufficiency of the explanation of the need to take a dismissal, and whether a dispositive motion has been filed. *Id.*

Here, Defendant has expended significant resources in defending this action and Plaintiff waited until three months after Defendant had filed a dispositive motion to request dismissal. The Court shall therefore deny Plaintiff's request to dismiss her claims without prejudice. *See Steward v. New Chrysler*, 415 Fed. App'x 632, 637-38 (6th Cir. 2011) (affirming dismissal with prejudice where the plaintiff moved to dismiss her claims without prejudice four months after the defendant had filed its dispositive motion and the defendant had expended significant resources in defending the action to that point).

The Court shall also grant Defendant's pending Motion to Dismiss because Plaintiff acknowledges that her complaint fails to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Dismissal Without Prejudice is DENIED, Defendant's Motion to Dismiss is GRANTED and Plaintiff's complaint is

DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.


Dated:  June 6, 2013                              S/ Sean F. Cox
                                                 Sean F. Cox
                                                 U. S. District Court Judge


I hereby certify that on June 6, 2013, the foregoing document was served upon counsel of record by electronic means and upon Clara Thurman by First Class Mail at the address below:

Clara Thurman
24656 Lyndon
Redford, MI 48239

Dated:  June 6, 2013                              S/ J. McCoy
                                                 Case Manager